NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

EDDIE HERNANDEZ, *Appellant.*

No. 1 CA-CR 16-0173
FILED 3-9-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-111041-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1        Eddie Hernandez appeals his conviction of aggravated robbery, a class 3 felony, and the resulting sentence.  Hernandez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Hernandez was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Hernandez's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2        One afternoon in February 2015, Hernandez and a man named Chuy went to a yard sale at L.V.'s house.  The two purchased some cleaning supplies with a $50 bill, then left the yard sale and drove down the street.  After they left, L.V.'s daughter noticed that the $50 bill's texture seemed odd and that its ink ran when wet, and she concluded the bill was fake.  L.V. and his daughter followed in the direction the two men had gone, and they found Hernandez and Chuy stopped nearby.

¶3        L.V. confronted Hernandez with the fake $50 bill and demanded that Hernandez either return the cleaning supplies or pay with a different bill.  Hernandez took the bill but refused to pay.  Hernandez then punched L.V. in the face and climbed into the vehicle as Chuy started to drive away.  When L.V.'s daughter shouted that she was going to call the police, Hernandez threw a rock at L.V. and told L.V.'s daughter not to call the police because "he knows where [she] live[s]."  Hernandez and Chuy then drove away.  L.V. suffered several minor injuries, including a black eye and lacerations to the hand.

¶4          Police found and arrested Hernandez several days later. After being advised of his *Miranda*[1] rights, Hernandez denied any knowledge of the yard sale.

¶5          The State charged Hernandez with aggravated robbery.[2]  A jury found Hernandez guilty as charged, and further found four aggravating factors.  Hernandez admitted four prior convictions at sentencing, and the superior court found that two of them qualified as historical prior felony convictions.  The court sentenced Hernandez to a slightly aggravated term of 12 years' imprisonment, with credit for 305 days of presentence incarceration.  Hernandez timely appealed.

## DISCUSSION

¶6          We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300.  We find none.

¶7          Hernandez was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Hernandez all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support Hernandez's conviction of aggravated robbery.  Hernandez's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶8          Hernandez's conviction and sentence are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Hernandez's representation in this appeal will end after informing Hernandez of the outcome of this appeal and his future options, unless

---

[1]      *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]      Aggravated robbery is defined as robbery committed with the aid of one or more accomplices present.  Ariz. Rev. Stat. ("A.R.S.") § 13-1903(A).  Robbery is committed "if in the course of taking any property of another from his person or immediate presence and against his will, [the defendant] threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to [the defendant] taking or retaining property."  A.R.S. § 13-1902(A).

counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Hernandez shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA